# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 11-0770 MMM (SPx) | Date May 31, 2011 |

Title *Bank of America v. Ronald T. Poulson et al.*

Present: The Honorable MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Remanding Action to Riverside Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

On March 8, 2011, plaintiff Bank of America filed an unlawful detainer action in Riverside Superior Court against Ronald T. Poulson, Dulcisima S. Poulson, and certain fictitious defendants.[1] Plaintiff alleges that it sold real property located at 1181 Lilac Road, San Jacinto, CA 92582 to the defendants.[2] On February 17, 2011, plaintiff served defendants with a three day written notice to quit and deliver possession of the property to it.[3] Plaintiff alleges that despite the fact that more than three days have elapsed since the service of the notice, defendants have failed and refused to deliver possession of the property, and continue to remain in possession of it without plaintiff's permission

---

[1] Notice of Removal ("Removal"), Docket No. 1 (May 16, 2011), Exh. 1 (Complaint for Unlawful Detainer ("Complaint")), 1.

[2] Complaint, ¶¶ 1(b), 6.

[3] *Id.*, ¶ 7.

or consent.[4] Plaintiff's complaint states a single state law claim for unlawful detainer.[5] In addition to possession of the property, plaintiff seeks restitution of the property, damages at the rate of $50.00 per day from February 23, 2011 for each day defendants continue in possession of the property until the date judgment is entered, costs of suit, and other relief the court deems just and proper.[6]

On May 16, 2011, defendants removed the action to federal court "pursuant to their Constitutional Right to Due Process and Civil Rights, to protect their home, and principal dwelling place [as well as their claim] to ownership of . . . 1181 Lilac Road, San Jacinto, CA 92582 . . . ."[7] Defendants invoke the court's jurisdiction under 28 U.S.C. §§ 1334(b) and 1443(1).[8]

## II.  DISCUSSION

### A.   Legal Standards Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). As the party seeking removal, the defendant must prove, by a preponderance of the evidence, facts sufficient to support jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

---

[4]*Id.*, ¶¶ 8-9.

[5]*Id.* at 1.

[6]*Id.*, ¶¶ 11-13.

[7]Removal at 1-2.

[8]*Id.* at 11.

2

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.*, § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

**B.   Whether the Requirements for Diversity Jurisdiction Are Met**

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "(1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); see also *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount different that the amount alleged in the pleading. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007) (stating that under 28 U.S.C. §§ 1332, 1441, and 1453, a party seeking removal had to prove with "legal certainty" that the amount in controversy was satisfied, notwithstanding prayer for relief in complaint).

Plaintiff's complaint states that "[t]he amount of damages claimed in this action does not exceed $10,000.00."[9] Defendants provide no contrary evidence in their notice of removal. Accordingly, the amount in controversy requirement for diversity jurisdiction is not met. Likewise, minimal diversity may be lacking. Plaintiff alleges that the defendants "are, and at all times herein mentioned, were residents of the County of RIVERSIDE, State of California . . . ."[10] Plaintiff's citizenship, however, is not alleged in the complaint; nor have defendants alleged its citizenship in their notice of removal. Because defendants have not alleged facts sufficient to support a finding that the amount in controversy exceeds $75,000, and because they have failed affirmatively to allege that

---

[9]Complaint, ¶ 1(c).

[10]*Id.*, ¶ 2.

3

the citizenship of the parties is diverse, the court lacks diversity jurisdiction to hear the matter.

### C. Whether the Requirements for Federal Question Jurisdiction Are Met

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, it can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13. A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112

("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

Defendants contend removal is proper under 28 U.S.C. § 1334(b);[11] their citation to this statute is insufficient, however, because they do not allege that they have filed a bankruptcy petition or that a bankruptcy proceeding involving them is ongoing. Absent such an allegation, the complaint states no federal claim, but only a state law unlawful detainer claim. See *Rancho Horizon, LLC v. Arnold*, No. CV 10-00537 ODW (OPx), 2010 WL 1999539, *3 (C.D. Cal. May 14, 2010) ("[I]n an attempt to invoke federal jurisdiction, Defendant . . . states that 'this court has jurisdiction under 28 U.S.C. § 1334(b).' This statement alleging bankruptcy jurisdiction cannot transform this dispute into a federal question. In the Complaint, Plaintiff never alleges any violations implicating federal law or bankruptcy law, but instead invokes state law"); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists"). Accordingly, removal based on federal question jurisdiction and/or 28 U.S.C. § 1334(b) is improper.

Defendants also contend that removal is proper under 28 U.S.C. § 1443(1) "pursuant to their Constitutional Right to Due Process and Civil Rights" to protect their home against plaintiff's unlawful detainer action.[12] As in *Bonnie Brae Properties, LLC v. Posada*, No. CV 10-9131 PA (PLAx), 2010 WL 4916617, *1 (C.D. Cal. Nov. 29, 2010), "defendant does not allege that the complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. The notice of removal instead appears to assert that certain adverse rulings in the unlawful detainer action have [or will] violate[ ] defendant's constitutional rights." *Id*. at *1.

This type of unlawful detainer "claim[ ] . . . [is] inadequate to establish a basis for removal under 28 U.S.C. § 1443." *Id*. Here, as in *Bonnie Brae*, "[t]here is no allegation or any other indication that Defendant has properly sought to invoke a law that provides 'for the equal civil rights

---

[11]Removal at 11. 28 U.S.C. § 1334(b) states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code]."

[12]Removal at 1-2, 11.

5

of citizens of the United States,' or that [he] is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim." *Id.* (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir.2006) ("A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966) ("'First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.' 'Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights,'" quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970))).

Accordingly, defendants' allegation that their constitutional rights have been violated is insufficient to invoke the court's jurisdiction under § 1443.[13] See *US Bank Nat. Ass'n v. Gutierrez Hernandez*, No. SACV 10-01508-CJC (MLGx), 2010 WL 4054451, *2 (C.D. Cal. Oct. 14, 2010) ("Mr. Thornton's bare allegation that the state court unlawful detainer action has deprived him of the 'right to own property without suffering fraudulent foreclosure and eviction,' . . . does not establish a basis for removal. Mr. Thornton has not alleged the violation of any law providing for equal civil rights, nor has he alleged any facts that show that he cannot enforce his civil rights in state court"); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights in unlawful detainer actions. . . . This is insufficient to allow removal under § 1443," citing *State of Georgia v. Rachel*, 384 U.S. 780, 792-800 [(1966); *People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("Bad experiences with the particular court in question will not suffice")).

### III. CONCLUSION

For the reasons stated, the court lacks subject matter jurisdiction to hear this action, and directs the clerk to remand the case to Riverside Superior Court forthwith.

---

[13]*Id.*